## BATTAGLIA v. UNITED STATES.
### No. 39406.

District Court, N. D. Illinois, E. D.
Jan. 16, 1935.

Edward H. S. Martin, of Chicago, Ill., for plaintiff.

Dwight H. Green, U. S. Dist. Atty., and Edmond M. Sullivan, Asst. U. S. Dist. Atty., both of Chicago, Ill.

WOODWARD, District Judge.

The only serious question on the motion for a new trial is whether or not the court erred in admitting, over the objections of the plaintiff, office records and memoranda of corporations showing the work record of the plaintiff. The persons who made the original entries in the documents and memoranda offered and admitted in evidence were not called to verify the accuracy of such entries. The officer having in charge such documents, memoranda, and office records produced them in court, and testified that the entries were made in the usual and ordinary course of business, that the entries were true and correct, and had not been tampered with, and that the files produced were the files relied upon in the business of the corporation. It is contended by plaintiff that the preliminary proof was insufficient and that the persons making the entries should have been called to attest their accuracy.

The court is of opinion that the preliminary proof in such case was sufficient to attest the accuracy and genuineness of the documents, office records, and memoranda produced. It was unnecessary to call all of the employees who made the original entries. Such is the law in this jurisdiction, and in other jurisdictions.

The motion for a new trial is denied on the authority of the following cases: Capriola v. U. S. (C. C. A.) 61 F.(2d) 5, 9; Cub Fork Coal Co. v. Fairmont Glass Co. (C. C. A.) 19 F.(2d) 273; St. Paul Fire & Marine Insurance Co. v. American Food Products Co. (C. C. A.) 21 F.(2d) 733, 736; Capone v. U. S. (C. C. A.) 51 F.(2d) 609, 619, 76 A. L. R. 1534; U. S. v. Becker (C. C. A.) 62 F.(2d) 1007, 1010; U. S. v. Cotter (C. C. A.) 60 F.(2d) 689, 693; Massachusetts Bonding & Insurance Co. v. Norwich. Pharmacal Co. (C. C. A.) 18 F.(2d) 934.

As having some bearing on the cases above cited, see Funk v. U. S., 290 U. S. 371, 380–386, 54 S. Ct. 212, 78 L. Ed. 369, 93 A. L. R. 1136.

It is contended that the rule of evidence is otherwise in Illinois. As a rule, the decisions of state courts are followed by the federal courts on questions of evidence; but, as to general evidentiary rules, state decisions are not binding upon the federal courts when opposed to rules settled by controlling decisions of the United States courts. De Soto Motor Corporation v. Stewart (C. C. A.) 62 F.(2d) 914, and cases cited on pages 917, 918.

The motion for a new trial will be denied.